```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANDY RAWLINS,<br><br>        Plaintiff,<br><br>  v.<br><br>LYONS, DOUGHTY & VELDHUIS, PC,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-8598 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

In this action, Plaintiff Andy Rawlins (hereinafter, "Plaintiff") alleges that Defendant Lyons, Doughty & Veldhuis, PC (hereinafter, "Defendant") violated the Fair Debt Collection Practices Act, (hereinafter, the "FDCPA"), specifically 15 U.S.C. §§ 1692f and 1692i(a)(2), in its efforts to collect an outstanding debt against Plaintiff. Defendant has filed a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.

For the reasons that follow, Defendant's motion to dismiss will be granted in part and denied in part. The Court finds as follows:

1.) **Factual and Procedural Background.** In 2009, Defendant obtained a judgment on a debt against Plaintiff in Middlesex County, New Jersey on behalf of its client, Target National

Bank. (Compl. ¶¶ 18, 20.) Plaintiff was unaware of these proceedings as he did not receive proper notice of the lawsuit or judgment. (Id. at ¶ 21.) On April 26, 2016 in connection with the collection of this debt, Defendant initiated a legal action for the garnishment of Plaintiff's wages in the Superior Court of New Jersey, Middlesex County. (Id. at ¶ 22; Ex. A to Compl.) However, Plaintiff alleges that he is a resident of Middlesex County, Massachusetts, did not sign any contract creating the alleged debt in New Jersey, or reside in New Jersey at the time of the initial lawsuit in 2009 or when Defendant filed the garnishment action in 2016. (Id. at ¶¶ 13, 25, 26.) As a result, Plaintiff alleges he was unaware of the 2009 debt collection action taken against him, and only learned about the proceedings when his wages were garnished in 2016. (Id. at ¶¶ 21, 24.)

Plaintiff filed a two-count Complaint in this Court on November 17, 2016. [Docket Item 1.] Count I alleges a violation of 15 U.S.C. § 1692f, the FDCPA provision that prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Count II alleges a violation of 15 U.S.C. § 1692i(a)(2), which provides that a debt collector shall only bring an action in the judicial district where the consumer signed the contract, or where the consumer resides at the commencement of the action. Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) [Docket

Item 6.] To its motion, Defendant attaches several documents including what purports to be Plaintiff's driver's license record with the New Jersey Vehicle Commission listing an East Brunswick address for the relevant time period, see Ex. 2 to Def. Br. The Court will decide this motion without oral argument pursuant to Fed. R. Civ. P. 78.

2. **Standard of Review.** Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. <u>Id.</u> A complaint will survive a

motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678. For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiffs' Complaint, documents explicitly relied upon in the Complaint, and matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

    3. **1692i(a)(2) claim.** Defendant argues that Plaintiff's § 1692i(a)(2) claim should be dismissed because Plaintiff has a New Jersey driver's license and has a legal duty to report any change of address; therefore Plaintiff is estopped from claiming that he is not a resident of New Jersey in his Complaint.

    Section 1692i(a)(2) provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity: (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). "Congress

adopted § 1692i(a)(2) to address 'the problem of forum abuse, an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear,' hence permitting the debt collector to obtain a default judgment." Moore v. Fein, Such, Kahn & Shepard, PC, No. 12-1157, 2012 WL 3945539, at *7 (D.N.J. June 13, 2012)(citations omitted).

In Moore, the plaintiff alleged in her Complaint that she was a resident of South Carolina, and the defendant filed a motion to dismiss plaintiff's § 1692i(a)(2) claim because the plaintiff maintained a joint bank account in New Jersey, had an active voter registration in the state, and had provided an active New Jersey telephone number to her credit card company. Moore, 2012 WL 3945539 at *16-17. The court denied defendant's motion to dismiss, stating that "[a]t this early stage in the proceedings, accepting Plaintiff's allegations as stated in her Complaint as true that she resided in South Carolina at the time the civil action was filed, the Court finds that Plaintiff has sufficiently stated a cause of action for violation of 15 U.S.C. § 1692i(a)(2)." Id. at 18.

The Court finds Moore instructive in this case and for similar reasons denies Defendant's motion to dismiss Count Two of Plaintiff's Complaint. Plaintiff alleges that at all relevant times he resided in the state of Massachusetts, county of

5

Middlesex, and city of Somerville. (Compl. at ¶ 13.)[1] Defendant contends that because Plaintiff maintains a New Jersey driver's license and never notified the New Jersey Motor Vehicle Commission of any change in residence, Defendant is not in violation of § 1692i(a)(2) by filing a lawsuit in New Jersey. (Def. Br. at 5-6.)[2] Taking the facts as true in Plaintiff's Complaint, as the Court must do at this stage in the litigation, Plaintiff actually lived in Massachusetts and not New Jersey at the time the debt collection suit and garnishment action were filed. Here, as in Moore, Plaintiff's New Jersey driver's license is not necessarily dispositive of his residence at this stage of the litigation. Defendant may develop its theory of Plaintiff's actual residence during discovery, and Plaintiff will have the opportunity to prove he was a Massachusetts resident at the time the State Court action was filed, but it would be premature for the Court to dismiss Plaintiff's § 1692i(a)(2) claim on that basis at this point. The Court therefore finds that Plaintiff has plausibly alleged that he is

---

[1] The Court further notes that "residence" is defined as (1) The act or fact of living in a certain place for some time, or (2) The place where one actually lives. Residence, BLACK'S LAW DICTIONARY (10th ed. 2014).
[2] While Plaintiff's Motor Vehicle Commission file (Ex. 2 to Def. Br.) was not explicitly relied upon in the Complaint, the Court will consider it as a public record under Schmidt, 770 F.3d at 251.

6

a resident of Massachusetts, and has therefore sufficiently stated a claim under 15 U.S.C. § 1692i(a)(2).

4. **Estoppel.** Relatedly, the court rejects Defendant's argument that because Plaintiff maintained a New Jersey driver's license and did not inform the New Jersey Department of Motor Vehicles of his change of address (in violation of N.J.S.A. 39:3-36), he is estopped from claiming he is not a resident of New Jersey for purposes of this lawsuit. In other words, Defendant argues that Plaintiff should be estopped from asserting that his residence was at a location other than East Brunswick, New Jersey (Def. Br. at 5.)[3]

To state a claim for equitable estoppel, a party must show (1) a material misrepresentation, (2) reasonable reliance upon the misrepresentation, and (3) damage resulting from the misrepresentation. McCarron v. F.D.I.C., 111 F.3d 1089, 1097 (3d Cir. 1977) (citations omitted). "A party asserting equitable estoppel may rely upon . . . inaction, . . . silence or omission." Barone v. Leukemia Soc. Of Am., 42 F. Supp. 2d 452, 464 (D.N.J. 1998). However, the reliance must be "reasonable and

---

[3] Plaintiff correctly notes that affirmative defenses like estoppel must normally be raised in an answer, not a motion to dismiss, but "an exception is made where . . . the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, `385 n.1 (3d Cir. 1994). As a result, the Court will examine Plaintiff's Complaint to determine whether an estoppel defense "clearly appears" on its face.

justifiable," and the burden of proof is on the party asserting the estoppel. <u>Dressler v. Energy</u>, No. 14-7060, 2016 WL 5886878, at *4 (D.N.J. Oct. 7, 2006).

Here, in examining Plaintiff's Complaint, Defendant's estoppel defense fails on all three elements. First, there is no indication that Plaintiff made any representation, let alone a material one, to Defendant by not informing the New Jersey Department of Motor Vehicles of his address change. To the contrary, Plaintiff did not become aware of the legal action until his wages were garnished years after the initial suit. (Compl. at ¶ 24); See <u>Dressler</u>, 2016 WL 5886878, at *5 (holding plaintiff's equitable estoppel claim fails because there are no facts alleged that defendant made a representation knowing it would induce action on the part of the plaintiff.) Second, Defendant does not state that it relied on Plaintiff's New Jersey driver's license when it commenced its debt collection action against Plaintiff. In fact, Defendant requested Plaintiff's public driver's license records on December 7, 2016, over eight years after the debt collection proceeding against Plaintiff began. (Ex. 2 to Def. Br.) Finally, Defendant has failed to allege any damage as a result of Plaintiff's alleged misrepresentation of his residency. Defendant has failed to adequately allege the existence of any of the three elements needed to establish equitable estoppel based on the face of

Plaintiff's Complaint; therefore Plaintiff is not estopped from claiming he is a resident of Massachusetts in his Complaint.

Furthermore, the court rejects Defendant's reliance on Kalamaden v. Singh, 882 2d 437, 63 A.D. 3rd 1007-08 (N.Y. Sup. Ct. 2009), and Rudikoff v. Byrne, 242 A.2d 880, 885-886, 101 N.J. Super. 29 (N.J. Super. L. 1968) to support its position that Plaintiff should be estopped from claiming he is not a resident of New Jersey. Kalamaden concerned a motor vehicle accident in which the court held that the defendant was estopped from challenging the service of process based on personal jurisdiction because the address where the server attempted to deliver summons was the same address the defendant had registered with the Department of Motor Vehicles. 882 N.Y.S. at 439. This case is factually distinguishable because in Kalamaden, the defendant had supplied the officers with two different addresses at the scene of the accident, and had yet a third address registered with the Department of Motor Vehicles. Id. at 440. The court reasoned his failure to comply with Vehicle and Traffic Law § 505(5) raised an inference that he deliberately attempted to avoid notice of the action. Id. There is no such attempt to avoid any legal action here. Unlike the defendant in Kalamaden, it was to Plaintiff's disadvantage not to become aware of the garnishment action and have the

opportunity to appear in court and attempt to prevent the garnishment of his wages.

Likewise, Rudikoff involved a motor vehicle accident where the plaintiff attempted to forward a copy of the summons and complaint to the address of the defendant that was on file with the Department of Motor Vehicles. 242 A.2d at 880. The defendant had provided his registered address to the police at the scene of the accident and responded to a related complaint previously sent to this address. Id. at 882. The court therefore precluded the defendant from asserting that he was not a resident of the address on file with the Department of Motor Vehicles. Id. at 885. Unlike the defendant in Rudikoff, here, the Complaint does not indicate that Plaintiff made any representation about his address on file with the Department of Motor Vehicles, nor did Plaintiff previously hold himself out to reside in New Jersey by acknowledging a prior complaint sent to that address. No facts indicate that Defendant relied on Plaintiff's New Jersey driver's license when deciding where to file the garnishment action.

For these reasons, the Court disagrees with Defendant's argument that Plaintiff is estopped from claiming he is not a citizen of New Jersey for failure to report his change of address to the Department of Motor Vehicles.

6. **1692f claim.** Next, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt. Defendant moves to dismiss because this claim is duplicative of Plaintiff's § 1692i(a)(2) claim and is therefore barred.

Section 1692f of the FDCPA provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. The statute provides a non-exhaustive list of conduct that is "unfair or unconscionable". See 15 U.S.C. § 1692f(1)-(8). However, it also gives rise to liability for other unfair or unconscionable conduct under the general provisions of 1692f that is not specifically listed in § 1692f(1)-(8). Turner v. Prof'l Recovery Servs., 956 F. Supp. 2d 573, 580 (D.N.J. 2013). Section 1692f is therefore a catchall provision, which prohibits conduct that is not already addressed by other sections of the FDCPA. Corson v. Accounts Receivable Mgmt., Inc., No. 13-01903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013). Therefore, improper acts that are specifically addressed by other sections cannot be the basis for a 1692f claim. Turner, 956 F. Supp. 2d at 580.

Here, Plaintiff alleges Defendant used "unfair and unconscionable" means in attempting to collect a debt by taking legal action in an improper judicial district that is over 250

11

miles away from Plaintiff's residence. (Compl. at ¶ 28.) Defendant argues that Plaintiff's cause of action is premised on the same conduct alleged to be in violation of the FDCPA's venue provision (15 U.S.C. § 1692i(a)(2)) and therefore cannot be brought under 1692f. (Def. Br. at 3.) The Court agrees. Plaintiff attempts to differentiate the two claims by citing examples of states like Alaska with districts so big that a creditor could file a suit in the proper district but so far away that its conduct is "unfair or unconscionable", thereby violating § 1692f, but not § 1692i(a)(2). (Opp'n at 11.) New Jersey is not Alaska. The purpose of § 1692i(a)(2) is to prevent creditors from filing a suit in a district court where consumers are unable to appear and thus obtain default judgment. Moore, 2012 WL 3945539, at *17-18. Since filing a collection suit in a distant court is already prohibited by a different provision of the FDCPA, Plaintiff's claim under § 1692f is duplicative and cannot be brought. See Turner, 956 F. Supp. 2d at 581 (holding that plaintiff's § 1692f claim was duplicative because defendant calling repeatedly after 9:00 pm was covered under 1692c(a)(1) and 1692d); see also Havison v. Williams Alexander & Assocs., No. 15-7059, 2016 WL 7018532, at *2 (D.N.J. Nov. 30, 2016) (dismissing plaintiff's motion for default judgment on his 1692f claim because placing telephone calls without meaningful disclosure of the callers identity, and failure to disclose in

the initial oral conversation that the debt collector is attempting to collect a debt, are covered under 1692(d)(6) and 1692e(11) respectively).

Because Plaintiff does not show any alleged unfair or unconscionable conduct not addressed by § 1692i(a)(2), the Court grants Defendant's motion to dismiss Plaintiff's claim under § 1692f.

6. **Conclusion.** For all of these reasons, Defendant's motion to dismiss will be granted as to Plaintiff's claim under § 1692f in Count I and denied as to Plaintiff's claim under § 1692i(a)(2) in Count II. An accompanying Order will be entered.


**July 6, 2017**             **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                  U.S. District Judge